IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIK THOR TROVE | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv616 |
| DAVID GUTIERREZ | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Erik Thor Trove, proceeding *pro se,* filed the above-styled civil rights lawsuit against David Gutierrez. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Pending before the court is a motion (doc. no. 33) filed by the defendant asking that the case be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(5) because he has not been properly served with process.

Prior Proceedings

On March 28, 2022, the court entered an order directing the Clerk of Court to provide plaintiff with a summons and copy of the complaint so that he could serve the defendant with process. A return of service was filed on May 9, 2022. The return of service states Rudy V. Limas served the defendant on May 4, 2022. The return states service was made by delivering a summons and copy of the complaint to Brandi Millsay, who is described as the legal representative for the Texas Department of Criminal Justice authorized to accept service for the defendant.

Discussion

Rule 4(e) of the Federal Rules of Civil Procedure states that individuals may be served either: (1) pursuant to the laws of the applicable state or (2) by delivering a summons and a copy of the complaint to the individual personally or by leaving such documents at the individual's dwelling house or usual place of abode or by delivering such documents to any agent authorized to receive service of process.

Rule 106 of the Texas Rules of Civil Procedure states process may be served by anyone authorized to do so by Texas Rule of Civil Procedure 103 by "mailing to the defendant by registered or certified mail, return receipt requested, a true copy of the citation with a copy of the petition attached thereto." Rule 103 requires that process be served by "any sheriff or constable or other person authorized by law, (2) any person authorized by law or by written order of the court who is not less than eighteen years of age, or (3) any person certified under order of the Supreme Court." Rule 103 also states that service by certified mail must be effected by the clerk of court, if requested.

Plaintiff served a person he contends was an agent authorized to accept service. This type of service would be sufficient under Rule 4(e)(2). However, plaintiff has submitted no evidence or cited any authority establishing the person served was an agent authorized to accept service. As a result, it cannot be concluded that the person who was served was authorized to accept service for the defendant.

However, the court should exercise its discretion and direct plaintiff to properly serve the defendant rather than dismissing the lawsuit. Plaintiff is proceeding *pro se* in this matter. While he has not properly served the defendants with process, he appears to have made a good faith effort to do so. Relevant factors that may be considered in determining whether a case should be

dismissed for improper service include a plaintiff's *pro se* status and whether a good faith effort has been made to effect service. *Bowman v. Sanofi-Aventis U.S.,* 2009 WL 5083431 (W.D. Tex. Apr. 16, 2009); *Monroe v. Texas Utility* Co., 2002 WL 413866, at *2-3 (N.D. Tex. Mar. 11, 2002). As plaintiff is proceeding *pro se* and has made a good faith effort to serve the defendants,, it would not be appropriate to dismiss this lawsuit at this time. Instead, plaintiff should be given 30 days to properly serve the defendant.

## Recommendation

The motion to dismiss should be granted to the extent that plaintiff's prior attempt to serve the defendant with process is quashed. Plaintiff should be given 30 days to properly serve the defendant.

## Objections

Objections must be (1) specific, (2) in writing, and (3) served and filed within 14 days after being served with a copy of this report. 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 6(a), 6(b) and 72(b).

A party's failure to object bars that party from (1) entitlement to *de novo* review by a district judge of proposed findings and recommendations, *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of unobjected-to factual findings and legal conclusions accepted by the district court, *Douglass v. United Serv. Auto. Ass'n.*, 79 F.3d 1415, (5th Cir. 1996) (*en banc*).

SIGNED this 19th day of January, 2023.

_____
Zack Hawthorn
United States Magistrate Judge