IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIK THOR TROVE | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv616 |
| DAVID GUTIERREZ | § | |

REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff Erik Thor Trove, an inmate at the Stiles Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this civil rights lawsuit against David Gutierrez. The defendant is the chairman of the Texas Board of Pardons and Paroles. This matter was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 for findings of fact, conclusions of law, and recommendation for the disposition of the case.

Factual Background

Plaintiff states he was previously convicted of murder and retaliation. He contends he has been improperly denied release on parole. While he acknowledges being considered for release, he asserts he has been incarcerated longer than he should have been in light of the crimes he was convicted of committing. Plaintiff further asserts the parole board has failed to properly take into consideration the amount of good conduct time credits he has earned. Plaintiff asks the court to direct that he be granted parole with respect to his state sentences.

Standard of Review

A lawsuit filed by a prisoner seeking redress from a governmental entity or officer or employee of a governmental entity shall be dismissed pursuant to 28 U.S.C. § 1915A if it: (1) is

frivolous or malicious; (2) fails to state a claim upon which relief may be granted or (3) seeks monetary relief from a defendant who is immune from such relief.

A complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005); *McCormick v. Stadler*, 105 F.3d 1059, 1061 (5th Cir. 1997). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A complaint lacks an arguable basis in fact if, after providing the plaintiff with the opportunity to present additional facts when necessary, the facts alleged therein are clearly baseless or fanciful. *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).

A complaint fails to state a claim upon which relief may be granted if the factual allegations are not sufficient to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Dismissal for failure to state a claim is appropriate when the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its fact." *Id*. at 570. Plaintiffs must state enough facts to "nudge[] their claims across the line from conceivable to plausible." *Id*.

In considering whether to dismiss a complaint for failing to state a claim upon which relief may be granted, all factual allegations in the complaint must be taken as true and construed favorably to the plaintiff. *Fernandez-Montez v. Allied Pilots Association*, 987 F.2d 278, 284 (5th Cir. 1993). However, conclusory allegations will not suffice to prevent dismissal for failure to state a claim. *Id*.

Analysis

The Due Process Clause of the Fourteenth Amendment to the Constitution only applies when state procedures impact a protected liberty or property interest. *Olim v. Wakinekona*, 461 U.S. 238, 250-51 (1983). Texas law does not create a liberty interest in parole that is protected by the Due Process Clause and Texas prisoners have no constitutional expectancy of release on parole. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997); *Orellana v. Kyle*, 65 F.3d 29, 32 (5th Cir. 1995). As a result, it is "axiomatic that because Texas prisoners have no protected liberty interest in parole they cannot mount a challenge against any state parole procedure on procedural or (substantive) Due Process grounds." *Johnson v. Rodriguez*, 110 F.3d 299, 308 (5th Cir. 1997).

As plaintiff has no liberty interest in being released on parole, the failure to release him did not violate his right to due process. This lawsuit should therefore be dismissed for failure to state a claim upon which relief may be granted.

Recommendation

This civil rights lawsuit should be dismissed for failing to state a claim upon which relief may be granted.

Objections

Within 14 days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings of fact, conclusions of law and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings of fact, conclusions of law and recommendations contained within this report within 14 days after service shall bar an aggrieved party from entitlement to *de novo* review by the district court of the proposed findings, conclusions

and recommendations and from appellate review of factual findings and legal conclusions accepted by the district court except on grounds of plain error. *Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1417 (5th Cir. 1996) (*en banc*).

SIGNED this 16th day of May, 2023.

_____
Zack Hawthorn
United States Magistrate Judge