IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| ERIK THOR TROVE | § | |
| VS. | § | CIVIL ACTION NO. 1:21cv616 |
| DAVID GUTIERREZ | § | |

MEMORANDUM OPINION AND ORDER

A final judgment was previously entered dismissing this civil rights lawsuit for failure to state a claim upon which relief may be granted. Plaintiff asserted he had been improperly denied release on parole. This claim was dismissed because plaintiff has no liberty interest in being released on parole. In his objections to a Report and Recommendation of United State Magistrate Judge, plaintiff also alleged he had been denied release on mandatory supervision and asked the Court to order his release. The Court allowed him to amend his claim to include this allegation, but concluded that the relief sought was only available in a petition for writ of habeas corpus. Plaintiff has now filed two motions asking that his case be reinstated, which the Court construes as motions for relief from judgment under Federal Rule of Civil Procedure 60(b).

> Rule 60(b) provides that
>
> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake; inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by any opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has ben reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Rule 60(c) states that a motion for relief from judgment must be filed within a reasonable time and, if reasons (1), (2) or (3) are relied on, no more than a year after the final judgment was entered.

Plaintiff filed his motions approximately two years after the final judgment was entered. As a result, he may not rely on reasons (1), (2) or (3) to obtain relief. In his motions, plaintiff does not assert the judgment is void or has been satisfied. Further, he has not stated any other reason that

would justify relief.  The motions are therefore without merit.

ORDER

For the reasons set forth above, it is ORDERED that plaintiff's motions to reinstate his case [Dkts. 81 and 82] are DENIED.

**SIGNED this 10th day of September, 2025.**

Michael J. Truncale
United States District Judge